# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| DENNIS RICHARD | CIVIL ACTION NO. 09-0469 |
|     LA. DOC. #126059 | |
|     FRANKLIN PARISH #29593 | SECTION P |
|     WEST CARROLL PARISH #109168 | |
|     UNION PARISH #15120 | JUDGE JAMES |
| VS. | |
| | |
| RICHARD BRAZZEL, ET AL. | MAGISTRATE JUDGE HAYES |

## ORDER

Before the court is a *pro se* civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on March 23, 2009 by plaintiff Dennis Richard. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections; he is presently incarcerated at the Union Parish Detention Center (UPDC), Farmerville, Louisiana. Plaintiff sues UPDC Warden Richard Brazzel, Union Parish Sheriff Robert G. "Bob" Buckley, Major Donnie Adams, and Union Parish Police Jury President Johnny Buckley complaining: (1) that he was locked up for more than 72 hours in a cell without a mattress for two days; (2) that he was not served a disciplinary "report" and was not afforded a hearing; (3) that Warden Brazzel and Major Adams "threatened" him by telling him to "... shut my mouth or they'll beat me up or they'll put a street charge on me for attacking them..." and, (4) that UPDC has not provided him with vocational or rehabilitation services. He prays for an immediate transfer and punitive damages. [rec. doc. 1]

On March 30, 2009, plaintiff applied for *in forma pauperis* status [rec. doc. 4], and, on April 1, 2009, his motion to proceed *in forma pauperis* was granted. [rec. doc. 5]

Plaintiff admits, and the undersigned has discovered that, on three occasions while a prisoner, plaintiff has had civil cases dismissed as frivolous pursuant to the provisions of 28

U.S.C. §1915(e)(2)(B). See the following cases from the United States District Court for the Western District of Louisiana – (1) *Dennis Richard v. Shirmon Powell*, No. 5:97-cv-1217, (rec. doc. 9, April 16, 1998); (2) *Dennis Richard v. Marie Lloyd, et al.*, No. 5:97-cv-2185 (rec. doc. 5, April 16, 1998); and (3) *Dennis Wayne Richard v. Tim Wilkerson, et al.*, No. 1:05-cv-1562 (rec. doc. 5, November 29, 2005).

Title 28 U.S.C. §1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is familiar with this provision and its consequences. In November 2008 he filed a civil rights complaint and requested *in forma pauperis* status. That motion was initially granted but then rescinded under the provisions of the above cited statute and plaintiff's complaint was ultimately dismissed for failure to pay court costs. See *Dennis Richard v. Steve Pylant, et al.*, No. 3:08-cv-1675.

Plaintiff complains of harsh conditions of confinement experienced in February 2009 and that he is not afforded vocational or rehabilitation services. He has alleged that he is in imminent danger, however that conclusory allegation is insufficient. As noted above, while he was in detention, from February 19-24, 2009, he claims he was threatened with a physical beating or with additional criminal charges. Plaintiff signed his pleading on March 18, 2009, almost a full month after the alleged threat had been issued, but by that time he had alleged no physical harm had befallen him. As the Third Circuit Court of Appeals has noted, "'[i]mminent' dangers are

those dangers which are <u>about to occur</u> at any moment or are impending." *Abdul-Akbar v. McKelvie*, 239 F.3d 307 at 315 (3d Cir.2001) (citing Webster's II New Riverside University Dictionary 611 (1984)). A prisoner who has been sanctioned pursuant to § 1915(g) is entitled to proceed only if he is in imminent danger "... <u>at the time he seeks to file his suit</u> in district court..." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Thus, allegations that a prisoner has faced danger in the past are insufficient to trigger the "imminent danger" exception of §1915(g). Compare *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Here, plaintiff complains of an apparently isolated incident that occurred in February. He offers no reason to believe that he remains in danger at the present time. Plaintiff is thus not eligible to proceed *in forma pauperis* in this matter.

Therefore

**IT IS ORDERED** that the April 1, 2009 order granting plaintiff's *in forma pauperis* status [doc. 5] is hereby **REVOKED** and **RESCINDED;**

**IT IS FURTHER ORDERED** that in order for this complaint to remain viable, plaintiff must pay the **full filing fee of $350.00 within twenty (20) days from the date of this order**. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING DISMISSED AND STRICKEN FROM THE RECORD.**

THUS DONE AND SIGNED in Chambers, in Monroe, Louisiana this 11th day of May, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE